LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

ISAI ROJAS,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

DIBELLA CORP. d/b/a LA VILLA PIZZERIA, GINO'S DE POSITANO PIZZERIA & RESTAURANT INC. d/b/a LA VILLA PIZZERIA, ALLO FOOD CORP. d/b/a LA VILLA PIZZERIA, ALFRED DISCIPIO and WILLIAM RUBIN,

    Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, ISAI ROJAS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, DIBELLA CORP. d/b/a LA VILLA PIZZERIA, GINO'S DE POSITANO PIZZERIA & RESTAURANT INC. d/b/a LA VILLA PIZZERIA, ALLO FOOD CORP. d/b/a LA VILLA PIZZERIA (collectively, "Corporate Defendants"), ALFRED DISCIPIO and WILLIAM RUBIN (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid wages due to time shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid wages due to time shaving, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff ISAI ROJAS is a resident of Kings County, New York.

6.      Defendants operate 3 restaurants under the common trade name "La Villa Pizzeria" with addresses as follows:

(a)     261-263 5th Ave, Brooklyn, NY 11215 ("La Villa Pizzeria Park Slope Location");

(b)     8207 153rd Ave, Howard Beach, NY 11414 ("La Villa Pizzeria Howard Beach Location");

(c)     6610 Avenue U, Brooklyn, NY 11234  ("La Villa Pizzeria Mill Basin Location");

(collectively, "La Villa Pizzeria Restaurants").

7.     Defendants operate La Villa Pizzeria Restaurants as a single integrated enterprise. Specifically, La Villa Pizzeria Restaurants share common trade name, ownership and management, have a common business purpose, engage in interrelated operations, and have centralized control of labor relations.

(a)    La Villa Pizzeria Restaurants are commonly owned and operated by Individual Defendants ALFRED DISCIPIO and WILLIAM RUBIN.

(b)    La Villa Pizzeria Restaurants share a common logo, share a common feel and look, and are advertised jointly on Defendants' website (http://www.lavillapizza.com) (*See Exhibit 1 – Website Homepage*).

(c)    La Villa Pizzeria Restaurants are all listed under the "Locations" Section on Defendants' website (http://www.lavillapizza.com/locations/html) (*See Exhibit 2 – Website Locations Section*).

(d)    La Villa Pizzeria Restaurants are also advertised jointly on Defendants' Twitter page (https://twitter.com/lavillabklyn) and Instagram page (https://www.instagram.com/lavillapizzeriaps/) (*See Exhibit 3 – Twitter and Instagram accounts homepages*).

(e)    La Villa Pizzeria Restaurants have been represented and advertisesd to the general public, customers and employees as a single food enterprise owned, managed and operated by a single family (*See Exhibit 1 – Website Homepage).*

(f) La Villa Pizzeria Restaurants offer the same food and services at all of the three locations, and their regular menu and catering menu are identical (*See Exhibit 4 - Website Menu Section, and Catering Menu*).

(g) Supplies and employees were interchangable among La Villa Pizzeria Restaurants.

8. Corporate Defendant DIBELLA CORP. d/b/a LA VILLA PIZZERIA is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 261-263 Fifth Avenue, Brooklyn, NY 11215. Defendants operate "La Villa Pizzeria Park Slope Location" through DIBELLA CORP.

9. Corporate Defendant GINO'S DE POSITANO PIZZERIA & RESTAURANT INC. d/b/a LA VILLA PIZZERIA is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 8207 153rd Avenue Howard Beach, NY 11414 and an address for service of process located at 521 Fifth Avenue. New York, NY, 10017. Defendants operate "La Villa Pizzeria Howard Beach Location" through GINO'S DE POSITANO PIZZERIA & RESTAURANT INC.

10. Corporate Defendant ALLO FOOD CORP. d/b/a LA VILLA PIZZERIA is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 6610 Avenue U, Brooklyn, NY 11234 and an address for service of process located at 160-28 81st Street, Howard Beach, NY, 11414. Defendants operate "La Villa Pizzeria Mill Basin Location" through ALLO FOOD CORP.

11. Individual Defendant ALFRED DISCIPIO is an owner and senior executive officer of Corporate Defendants. ALFRED DISCIPIO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ALFRED DISCIPIO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ALFRED DISCIPIO regarding any of the terms of their employment, and ALFRED DISCIPIO would have the authority to effect any changes to the quality and terms of employees' employment. ALFRED DISCIPIO regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. ALFRED DISCIPIO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ALFRED DISCIPIO exercised functional control over the business and financial operations of Corporate Defendants.

12. Individual Defendant WILLIAM RUBIN is an owner and senior executive officer of Corporate Defendants. WILLIAM RUBIN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. WILLIAM RUBIN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to WILLIAM RUBIN regarding any of the terms of their employment, and WILLIAM RUBIN would have the authority to effect any changes to the quality and terms of employees' employment. WILLIAM RUBIN regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. WILLIAM RUBIN ensured that employees

effectively serve customers and that the business is operating efficiently and profitably. WILLIAM RUBIN exercised functional control over the business and financial operations of Corporate Defendants.

13. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including cooks, line cooks, food preparers, cashiers, counter persons, dishwashers, porters, cleaning persons and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wages and wages for all hours worked due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective

6

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including cooks, line cooks, food preparers, cashiers, counter persons, dishwashers, porters, cleaning persons and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wages, (ii) failing to pay wages for all hours worked due to a policy of time shaving, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation

claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

    (b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their propery minimum hourly rate;

(e) Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' policy of time-shaving;

(f) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(g) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

(h) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

## STATEMENT OF FACTS

26. From in or about June 2014 until on or about April 11, 2017, Plaintiff ISAI ROJAS was employed by Defendants to work as a dishwasher for Defendants' "La Villa Pizzeria Park Slope Location" located at 261-263 5th Ave, Brooklyn, NY 11215.

27. From in or about June 2014 to on or about May 31, 2016, Plaintiff ISAI ROJAS's regular work schedule was five days a week, 4:00 pm to 1:00 am, for a total of 45 hours per week. From on or about June 1, 2016 to on or about April 11, 2017, Plaintiff ISAI ROJAS's regular work schedule was as follows: 2 days per week from 10:00 am to 9:00 pm, and 3 days per week from 12:00 pm to 9:00 pm, for a total of 49 hours per week.

28. From in or about June 2014 to on or about April 3, 2016, Plaintiff ISAI ROJAS was paid an hourly rate ranging from $7.25 to $10. He was paid in cash and was not provided

with any form of wage statement. From in or about June 2014, Defendants failed to pay Plaintiff ISAI ROJAS the federal and state statutory minimum pay rate.

29. Based on Plaintiff ISAI ROJAS's direct observations and conversations with other co-workers, all FLSA Collective Plaintiffs and Class members were similarly paid at a hourly rate below the statutory minimum pay rate, and in cash without any form of wage statement.

30. Throughout his employment with Defendants, Plaintiff ISAI ROJAS was not properly compensated for all hours he actually worked due to Defendants' policy of time-shaving with respect to meal breaks. Specifically, Defendants indiscriminately and automatically deducted thirty (30) minutes per workday from Plaintiff ISAI ROJAS and Class members' payroll as meal breaks instead of tracking actual meal breaks with their readily available clock-in/out system. By doing so, Defendants categorically reduced Plaintiff ISAI ROJAS's compensable hours by two and half (2.5) hours per workweek. However, while being required to eat meals at the restaurant, Plaintiff ISAI ROJAS was "on-call" and worked through his meal breaks. Thus, the meal breaks were not free and clear breaks, and Plaintiff ISAI ROJAS must be compensated for such off-the-clock work. Based on Plaintiff ISAI ROJAS's direct observations and conversations with other employees at La Villa Pizzeria Restaurants, all FLSA Collective Plaintiffs and Class members similarly did not receive compensation for all hours they actually worked as they were subject to the same policy with respect to meal breaks.

31. Throughout his employment with Defendants, Plaintiff ISAI ROJAS regularly spoke with co-workers principally based about Defendants illegal pay practices.

32. Based on Plaintiff ISAI ROJAS's direct observations and conversations with co-workers, all FLSA Collective Plaintiffs and Class members were subject to Defendants' same illegal wage and hour policies in violation of relevant FLSA and NYLL provisions.

33. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' failure to pay wages for all hours worked due to a time shaving policy with respect to meal breaks.

34. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not paying wages for all hours worked due to a policy of time shaving.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members in violation of the NYLL.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendants engaged in a policy and practice of failing to pay statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

44. At all relevant times, Defendants engaged in a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and compensation, plus an equal amount as liquidated damages.

48. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

52. Defendants willfully violated Plaintiff's and Class members rights by failing to pay Plaintiffs minium wages in the lawful amount for hours worked.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time shaving.

54. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

55. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

56. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to unpaid minimum wage, time shaving, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and NYLL;

d. An award of unpaid wages caused by time shaving due under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages for all hours worked pursuant to the 29 U.S.C. § 216;

g. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 10, 2017

Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*